UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TAPUWA DANGAREMBIZI., | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-053-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Tapuwa Dangarembizi entered a guilty plea on June 17, 2015, to a one-count Information, charging that he prepared and submitted false claims for income tax returns to the Internal Revenue Service. [Record Nos. 7 and 9] He was sentenced to a term of imprisonment of 16 months on September 30, 2015. [Record No. 25] Dangarembizi did not appeal his conviction or resulting sentence to the United States Court of Appeals for the Sixth Circuit. As a result, his conviction became final fourteen days following the sentencing hearing.

During the June 17, 2015, plea hearing, the defendant was fully advised that, as a consequence of his conviction, he would likely be deported following service of his sentence.

> THE COURT: (addressing the Assistant United States Attorney Kathryn Anderson) Ms. Anderson, I believe that in reviewing the bond report in the case that the defendant is not a citizen of the United States. And under Rule 11 has been advised that if, in fact, he does enter a plea and is convicted that he's not a United States citizen, there's a possibility that he may be removed from the United States, denied citizenship, and denied admission into the United States in the future.
>
> Mr. Butler (counsel for defendant Dangarembizi)?

MR. BUTLER: Your Honor, I've advised my client of that pursuant to --

THE COURT: Rule 11.

MR. BUTLER: -- case law. Right, Rule 11.

THE COURT: I'll go through that with him as well, but I wanted to make sure that the attorneys have had a chance to discuss that possibility as well.

All right. Thank you.

** ** **

THE COURT: (addressing Defendant Dangarembizi) All right. Now, you heard me ask the attorneys just a moment ago whether you had been advised that entering a plea of guilty in the case and a subsequent conviction could also affect your ability to remain in the United States.

In other words, you could be removed from the United States based upon a felony conviction, and you could be denied re-entry back into the United States also.

You're aware of that; is that correct?

DEFENDANT DANGAREMBIZI: Yes, your Honor.

THE COURT: Have you discussed that possibility with your attorney to your satisfaction?

DEFENDANT DANGAREMBIZI: Yes, your Honor.

THE COURT: Do you have any questions for the Court at this time about how that could affect your ability to remain in the country?

DEFENDANT DANGAREMBIZI: No, your Honor.

[Record No. 39, pp. 16-18]

After filing an unsuccessful petition for a writ of error coram nobis [Record Nos. 34 and 36], Dangarembizi filed a motion on August 17, 2018, seeking to vacate his conviction

pursuant to 28 U.S.C. §2255.[1] [Record No. 37] The Court issued an Order on the same date, directing Dangarembizi to show cause why his motion should not be dismissed as untimely. [Record No. 38] Dangarembizi responded on August 28, 2018, claiming equitable tolling should apply because he was unaware of the immigration consequences of his guilty plea until March 2017 when the Government commenced deportation proceedings. [Record No. 40]

The one-year statute of limitations period provided by 28 U.S.C. §2255(f) is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), *abrogated on other grounds* by *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). It is important to note that courts apply equitable tolling "sparingly". *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d at 749. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d at 749.

Dangarembizi fails to establish the requirements for equitable tolling as outlined in *Holland*. *Id*. Instead, he falsely claims that he was unaware of the immigration consequences of his guilty plea until the government commenced deportation proceedings. [Record No. 40] But as the above-quoted portion of the plea hearing conclusively demonstrates, Dangarembizi acknowledged over three years ago that he was aware that he would likely be deported following service of his sentence. Finally, even if Dangarembizi had established he was

---

[1] Plaintiff states his motion falls within 28 U.S.C. §2241, but it is clear that he is seeking relief under 28 U.S.C. §2255 because he is claiming a violation of the Sixth Amendment of the Constitution due to ineffective assistance of counsel.

entitled to equitable tolling, the one-year period would have commenced when he became aware of the immigration consequences of his guilty plea in March 2017. Therefore, the one-year period would have expired in March 2018, five months before he filed his habeas motion. Accordingly, it is hereby

**ORDERED** that Defendant Tapuwa Dangarembizi's Motion under 28 U.S.C. §2255 [Record No. 37] is **DISMISSED**.

Dated: August 29, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge